IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:02CR3220 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| WILLIAM D. LAMB, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

William D. Lamb (Lamb) has filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside or correct a sentence and a related "motion for enlargement of time." After initial review, I will deny both the motions.[1]

## I. BACKGROUND

In this methamphetamine conspiracy case, the defendant entered a plea of guilty and I accepted his plea on December 5, 2003. (Filing 55.) Lamb admitted under oath that the conspiracy as to him involved at least 500 grams or more of methamphetamine. (Filing 54 at CM/ECF p. 25.)

---

[1]When a § 2255 motion is forwarded to a judge,

> [t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

On August 2, 2004, I sentenced Lamb to 330 months in prison to run concurrently with certain state charges. (Filing 91.) Lamb appealed, and on February 15, 2006, the Court of Appeals vacated the sentence and remanded in light of *United States v. Booker*. (Filings 107 & 123.) On March 14, 2006, I resentenced the defendant as required by the judgment of the Court of Appeals, and I sentenced the defendant to 312 months in prison to run concurrently with certain state charges and I also imposed five years of supervised release. (Filing 114.)

I found that Lamb's total offense level was 37 and his criminal history category was VI. (Filing 115.) His advisory Guidelines range was 360 months to life. (*Id.*) I gave Lamb credit for time served under U.S.S.G. § 5G1.3(b)(1) and reduced his sentence to 312 months accordingly. (*Id.*) When I sentenced the defendant, I explicitly recognized and, stated at the time of sentencing, that I knew the Guidelines were advisory and that I had imposed the sentence after considering all of the statutory goals of sentencing. (Filing 126 at CM/ECF p. 25.)

Lamb appealed again, but on March 12, 2007, the Court of Appeals rejected his three claims that I erred by failing to compel the government to file a departure motion for cooperation, that I erred by failing to treat the Guidelines as advisory or that I erred by imposing an unreasonable sentence. (Filing 132.) The Court of Appeals' judgment, dated March 12, 2007, was filed in this court on that same date. (Filing 133.) The mandate of the Court of Appeals was filed and dated April 6, 2007. (Filing 136.) According to the Court of Appeals docket sheet, no petition for writ of certiorari was submitted. (*See* Docket Sheet for Court of Appeals # 06-1775.)

On September 17, 2008, Lamb filed the two pending motions. In his motion for enlargement of time, Lamb asserted the following:

> The United States Court of Appeals for the Eighth Circuit issued its mandate affirming petitioner's sentence on April 4, 2007. Petitioner has

> been diligently working on his brief from that time forward notwithstanding the exigencies inherint [sic] to his situation, including transfers, lockdowns and the general pattern of prison life. There have been extensive periods of time during his time at Lompoc where the prison law library has simply been unavailable for a variety of reasons unrelated to petitioner. When given the ability to do so petitioner has worked ceaselessly and as productively as a pro se individual can; learning along the way and receiving help as it becomes available.

(Filing 141, at CM/ECF p. 1.)

In his § 2255 motion, Lamb made various arguments. Summarized and condensed for clarity, Lamb argued that (1) in violation of the *Apprendi* line of cases, he was improperly sentenced on facts found by the court and not admitted by Lamb (filing 142 at CM/ECF pp. 4, 17-35); (2) he received an improper sentence because I "lacked knowledge of the available range of sentencing discretion under applicable law" (*id.* at CM/ECF pp. 6, 20-23); and (3) Lamb's lawyer was ineffective because counsel failed to attack the "presumption of reasonableness," because counsel failed to argue about "disparity," and because counsel failed to attack "prosecutorial vindictiveness." (*Id.* at CM/ECF pp. 7, 43.)

## *II.  ANALYSIS*

Lamb's § 2255 motion, and his related motion for extension of time, will be denied.  Briefly, I set out my reasoning next.

First, the one-year statute of limitations[2] clearly ran[3] and Lamb has come nowhere close to establishing that the government impeded his access to the court or that there are equitable grounds upon which to toll the statute. Lamb provides no more than a generalized assertion that the "exigencies" of prison life slowed him down. The case law requires much more. *See, e.g. Finch v. Miller*, 491 F.3d 424,

---

[2] 28 U.S.C. § 2255(f) provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3] The judgment of the Court of Appeals was dated and filed on March 12, 2007. (Filing 133.) Inasmuch as Lamb did not file a petition for writ of certiorari, the statute of limitations began to run 90 days thereafter or on June 13, 2007. *Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari . . . on direct review, § 2255's one-year statute of limitations period starts to run when the time for seeking such review expires."); Sup. Ct. R. 13.1 (stating that a petition for certiorari must be filed within 90 days after the judgment (and not the mandate) is entered). Thus, the statute ran out in June of 2008. Since Lamb did not file his motion until September of 2008, the statute bars his claims.

427 (8th Cir. 2007) (petitioner failed to establish that his lack of access to prison law library or legal assistance presented sufficient impediment to toll statutory period for filing habeas petition). In addition, Lamb has failed to present any concrete information suggesting that the statute should be equitably tolled. *See, e.g.*, *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (in order to establish grounds for equitable tolling, movant must establish either (1) that there are "extraordinary circumstances" beyond his control that would keep him from filing in a timely fashion or (2) that the government's conduct "lulled" him into inaction through reliance on that conduct.)

Second, because Lamb admitted that he was involved with 500 or more grams of methamphetamine thus making himself eligible for a life sentence under 21 U.S.C. § 841(b)(1)(A)(viii), I had the constitutional authority to impose the 312-month sentence that I imposed without the aid of a jury and by a preponderance of the evidence providing that I treated the Guidelines as advisory. *See, e.g., United States v. Booker*, 543 U.S. 229, 232 (2005) (construing *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and the cases that followed and holding that the statutory maximum for Sixth Amendment purposes is the maximum sentence a judge may impose solely on the facts found by a jury *or* admitted by the defendant). Accordingly, even if the statute of limitations had not run, Lamb's first claim for relief (that I imposed a sentence in violation of the *Apprendi* line of cases) must be denied on the merits.

Third, when I sentenced Lamb, and despite his assertion to the contrary, I knew that the Guidelines were advisory and I so stated. I also knew that I had wide latitude to give the defendant a more lenient sentence and I elected not to do so. Accordingly, and, even if the statute of limitations had not run, his second claim for relief lacks merit.

Fourth, Lamb has provided no reason to believe that his counsel was ineffective and Lamb has also failed to show any prejudice. *See*, *e.g.*, *Strickland v. Washington,*

466 U.S. 668, 687 (1984) (a convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction has two components: first, defendant must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment and, second, defendant must show that the deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable.).

Lamb's counsel (through sentencing) was a very experienced criminal defense lawyer who is now a respected state district judge. Given Lamb's criminal history score of VI, his extensive drug dealing and general bad behavior, Lamb has provided no reason to suppose that a sentence of less than 312 months would have been imposed had his lawyer argued against a "presumption of reasonableness." Indeed, as the sentencing judge, I can confirm that such an argument would have been unavailing. The same thing is true regarding Lamb's assertion that his lawyer failed to argue effectively about "disparity." Finally, Lamb's claim that his counsel was ineffective for failing to attack the prosecutor for being vindictive is absurd. Defense counsel did move to compel the government to file a downward departure motion, I denied that motion and the Court of Appeals affirmed.[4] After all, dealing drugs while

---

[4]The Court of Appeals accurately explained:

> Lamb's plea agreement did not include any language regarding Lamb's potential cooperation, and the parties confirmed at Lamb's guilty plea hearing that his cooperation was not anticipated as a part of the bargain. While Lamb complains that he was not credited for his pre-indictment assistance, he admits that he provided that assistance as a part of a prior non-prosecution agreement, the terms of which he violated. The government's refusal to move for a substantial assistance departure was not unconstitutional, and thus the court's refusal to compel that motion was appropriate.

(Filing 132, at CM/ECF p. 2.)

you have a non-prosecution agreement with authorities, as Lamb admits[5] he did, is no way to curry favor with the government.  Lamb burned the authorities, and it was not "vindictive" for them to refuse to enter into a cooperation plea agreement with him.  His counsel did all that was humanely possible under the circumstances.  Making idiotic arguments was not required.

    IT IS ORDERED that the motion for enlargement of time (filing 141) and the § 2255 motion (filing 142) are denied.   A separate judgment will be issued.

    September 24, 2008.        BY THE COURT:

                                            *s/Richard G. Kopf*
                                            United States District Judge

---

[5]"The police did a poor job of supervising Petitioner, and soon was again dealing drugs . . . in violation of his non-prosecution agreement." (Filing 142, at CM/ECF p. 15.